550 P.2d 629
STATE of Arizona, Appellee,

v.

Nealie Lenton LOWERY, Appellant.

No. 3449.

Supreme Court of Arizona,
En Banc.

June 11, 1976.
Rehearing Denied June 29, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer III, and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by H. Allen Gerhardt, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

This is an appeal from a judgment revoking appellant's probation and sentencing him to the Arizona State Prison. This court has jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court.

Nealie Lenton Lowery was charged with assault with a deadly weapon. Pursuant to a plea agreement appellant pled guilty to an amended charge of assault with intent to commit rape. Imposition of sentence was postponed. Appellant was placed on probation for five years.

A petition to revoke appellant's probation was filed July 11, 1974. Appellant was alleged to have violated the conditions of his probation by: 1) being charged in Nebraska with assault to commit rape; 2) changing his address without the consent of his probation officer; 3) failing to report monthly in writing; and 4) failing to remain employed. On July 23, 1974 an initial appearance on revocation of probation was had and appellant denied the allegations.

On August 9, 1974 a hearing on revocation was held. An agreement was made between the parties to dismiss three of the alleged violations while amending the first to being convicted in Nebraska of the crime of assault upon a female person. Appellant agreed he would admit to the amended allegation.

When the court attempted to determine a factual basis for this admission, appellant could not remember exactly what he did to the female victim in Nebraka. All he could recall was putting his hand on her leg.

The public defender representing appellant at the hearing was unfamiliar with the case. He asked for a continuance. It was denied.

The original allegations were reinstated. Appellant then denied all alleged violations.

The hearing on revocation continued. A deputy probation officer testified. The officer was not appellant's probation officer but was acquainted with the terms of probation and the current violations. He testified that the alleged violations were in fact true. The court then held there was "probable cause" to believe appellant violated the terms of his probation.

Appellant was thereafter examined to determine his mental condition. In a subsequent hearing he was found competent to stand trial. A final revocation hearing was held on September 27, 1974. At this time, without further testimony or evidence, the court entered an order revoking appellant's probation. Neither the state nor appellant offered evidence regarding the sentence to be imposed, and the appellant was given a term of not less than five nor more than seven years.

Appellant contends that his probation was revoked without due process of law, asserting first that the quantum of evidence applied by the court was "probable cause" rather than "preponderance of the evidence"; and second that he was denied his right to cross-examine the probation officer witness.

The August 9, 1974 hearing was obviously the revocation of probation hearing provided for by Rule 27.7 of the Rules of Criminal Procedure. The trial judge however referred to it throughout the hearing as a "preliminary hearing for revocation of probation" and said:

> " . . . I want to know whether there is probable cause. I have my own standards for establishing that, and the standards are that the probation officer merely testify under oath relative to the

minimum factual bases to establish probable cause."

Rule 27.7(c)(3) of the Rules of Criminal Procedure in effect at the time of appellant's revocation hearing reads as follows:

> "If no admission is made or if an admission is not accepted by the court, the violation must be established by preponderance of the evidence. Each party may present evidence and shall have the right to cross-examine witnesses who testify. The court may receive any reliable evidence not legally privileged, including hearsay." *

It is apparent that provisions of the rule were not complied with at the hearing. This deviation is sufficiently serious so as to deprive the appellant of a fair hearing.

Order revoking probation and sentence imposed are vacated, and the case is remanded for further proceedings consistent with the foregoing.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.

---

* Rule 27.7 was amended effective August 1, 1975. There was no substantial change in the requirements indicated by the original rule above.